IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00260-CYC

TASHA M. BARBER,

    Plaintiff,

v.

CHRISTINE M. MACK,

    Defendant.

---

## ORDER ON MOTION FOR RECONSIDERATION

**Cyrus Y. Chung, United States Magistrate Judge.**

    Defendant Christine Mack moves for reconsideration of this Court's order striking her ski expert's opinions. ECF No. 37. But she invokes the wrong standard, misapprehends the Court's earlier ruling, and demonstrates no clear error of law. For the reasons that follow, the Court **DENIES** the motion.

    As detailed previously, this case arises out of a March 2023 ski collision between the parties in this case. *Barber v. Mack*, No. 24-cv-00260-CYC, 2025 WL 300840, at *1 (D. Colo. Jan. 27, 2025). The defendant proffered an expert report with three opinions of Jonathan Delk, a ski instructor:

1. Tasha Barber was responsible for avoiding the collision based on her being the uphill skier.

2. Tasha Barber was neither prepared nor aware enough to begin skiing, nor does she acknowledge that her being in motion ("coasting") as skiing, which it is. These real facts and perspectives shared by Tasha Barber prove that Tasha was not sufficiently in control or aware of her surroundings to have avoided a collision.

3. Tasha Barber's choice of actions to avoid the collision (shouting, leaning back, twisting) were ultimately the cause of her skis coming into contact with

> Christine Mack's. Tasha Barber's movements were the ultimate mechanism of her injury.

*Id.* Because these opinions were grounded in no reliable methodology, the Court excluded them. *Id.* at *4. Two weeks later, this motion followed, requesting reconsideration.

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration on non-dispositive issues. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). But district courts have plenary power to revisit and amend interlocutory orders as justice requires. *Entek GRB, LLC v. Stull Ranches, LLC*, 113 F. Supp. 3d 1113, 1119 (D. Colo. 2015) (citing *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980)). When asked to amend such an order, "courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.*; *see Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The defendant ignores this standard, contending that state rules on reconsideration apply. ECF No. 37 at 2. They do not. It is settled beyond hope of contradiction that "[u]nder the *Erie* [*R.R. Co. v. Tompkins*, 304 U.S. 64 (1938),] doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). *Fox v. Pittsburg State Univ.*, No. 14-cv-2606-JAR-KGG, 2016 WL 4919463 (D. Kan. Sept. 15, 2016), does not say otherwise. It applied "D. Kan. Rule 7.3(b)" to a motion for reconsideration. *Id.* at *1. That is a local rule of the federal District of Kansas, not a state rule.

Because the defendant invokes the wrong standard, she makes no attempt to satisfy the right one. Instead, she faults "Magistrate [Judge] Chung's"[1] analysis of Mr. Delk's opinions,

---

[1] The title "Magistrate" has not been utilized in the federal courts for over thirty years, having long since been changed to "Magistrate Judge." Judicial Improvements Act of 1990, Pub. L. No.

2

seeking to rehash her earlier arguments in support of those opinions. ECF No. 37 at 4. But "[t]he Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Servants of the Paraclete*, 204 F.3d at 1012). That alone suffices to deny the motion.

It fares no better on the merits. The defendant, for example, makes two supplementary efforts to defend the propriety of Mr. Delk's first opinion.

First, she attempts to bolster the opinion by arguing that personal experience with the crash site supported it. But, as the Court noted previously, that rationale comes solely via argument of counsel, as it appears nowhere in Mr. Delk's report. *Barber*, 2025 WL 300840, at *4 n.1; *see* ECF No. 37-1 at 4-6. She also recasts the opinion as grounded in fall-line expertise, ECF No. 37 at 5, but the report itself belies that characterization. It concedes, for example, that its accident reconstruction is rooted in an "assum[ption]" of the plaintiff's location in a video and a "presum[ption]" about the speed of the defendant — who is absent from said video. ECF No. 37-1 at 9. That, in turn, is the primary driver behind Mr. Delk's conclusion that the plaintiff was the uphill skier. *See id.* at 9, 11. But assumptions and presumptions are not methodology, and they cannot serve as the basis for an expert opinion in court.

Had the defendant wanted to utilize Mr. Delk's specific expertise about fall lines, she could have procured a more limited opinion about how the different slopes and paths at issue here would generally affect a skier's acceleration. She did not. Instead, she proffered an opinion that relied upon assumptions and presumptions to reach a more wide-ranging conclusion on

---

101-650, § 321, 104 Stat. 5089 (1990); *see* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 Fed. Courts L. Rev. 1, 5-6 (2015).

liability. That opinion goes further than expertise would allow in selecting facts for the jury and, accordingly, has no place in front of one.

Her second defense of Mr. Delk's first opinion posits that the Court improperly required a scientific, as opposed to experienced-based, methodology from Mr. Delk. ECF No. 37 at 6. It did not. The previous ruling specifically noted that the problem with the opinion is that it did not "explain how [his] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Barber*, 2025 WL 300840, at *4 (quoting *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014)). It did not complain about a lack of science: the problem with the first opinion is that it includes no reliable methodology, experienced-based or otherwise, applied to the facts of the case to reach the opinion at issue.

The second opinion suffers from a similar inadequacy. A jury, the defendant says, would benefit from Mr. Delk's knowledge of ski equipment and its impact on reaction time. ECF No. 37 at 7. That may be true. But it is not the opinion in Mr. Delk's report. Instead, the opinion simply disparages the plaintiff's preparedness with a note that she was "possibly buckling her boots while in motion." ECF 37-1 at 10. The thrust of the opinion, then, does not rely on Mr. Delk's expertise in ski equipment. Instead, it comes from Mr. Delk's interpretation of the plaintiff's deposition testimony as to whether her conduct constitutes "paying attention to her direction of travel." *Id.* No jury needs help figuring out what paying attention means.

The defendant finally attempts to defend Mr. Delk's third opinion, contending that his knowledge of ski control properly undergirds his opinions that the plaintiff was (1) not buckling her boots, (2) looking down, (3) following the cues of another, and (4) not paying attention to her surroundings. ECF No. 37 at 8. But the report contains no explanation of how he reliably applied

4

a methodology grounded in training and experience to reach those opinions. Nor does one imagine that a jury needs expert help in determining whether the plaintiff was buckling her boots while in motion, looking down, or not paying attention to her surroundings — or, for that matter, whether one engaging in those lapses of judgment could in fact cause an ensuing collision. Mr. Delk's opinion here does not aid the jury's comprehension of facts so much as it tells the jury which version of the story to choose, offering as expertise only an obvious corollary to that story. That does not satisfy the requirements of *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), for an experience-based expert.

Moreover, the defendant fails to address Mr. Delk's lack of qualification to opine that "Tasha Barber's movements were the ultimate mechanism of her injury," ECF No. 37-1 at 11, "a medical conclusion" for which "Mr. Delk has" no "medical training, education, or experience that would allow him to render an expert opinion on injury causation." *Barber*, 2025 WL 300840, at *3. That alone renders his third opinion improper. The defendant offers no argument to the contrary.

The short of it is that the Court did not discount Mr. Delk's experience or require that it be scientific, but "[e]xpert testimony based on experience alone must reveal how the experience led to the expert's conclusion, why the experience is a 'sufficient basis for the opinion,' and how the experience was reliably applied." *Id.* at *3 (quoting *United States v. Martinez*, 88 F.4th 1310, 1314 (10th Cir. 2023)). Under that rubric, Mr. Delk's report was lacking. Nothing in the defendant's motion shows that striking Mr. Delk's report was clear error.

It is true, as the defendant says, ECF No. 37 at 3, that exclusion of expert testimony should be the exception rather than the rule. But a district court must ensure that expert testimony is reliable, relevant, and will assist the trier of fact. Mr. Delk has knowledge about the

responsibilities of skiers, but the opinions the defendant seeks to offer through Mr. Delk do not seek to educate the jury about those responsibilities; they seek instead to persuade a jury faced with competing narratives to choose the version in which the plaintiff fails in those responsibilities. To the extent the defendant desires to offer information about the Skier's Responsibility Code, the Colorado Skier's Safety Act, or other general skiing information to the jury, the previous order did not foreclose those possibilities.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Christine Mack's Motion to Reconsider Pursuant to C.R.C.P. 121 § 1-15(11) Regarding Plaintiff's 702 Motion to Strike, ECF No. 37.

Entered this 24th day of March, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge